**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RICHARD JOHN FLORANCE, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **Civil Action No. 3:07-CV-125-M** |
| **v.** | § | |
| | § | |
| **JERRY BUCHMEYER, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251,* this case has been referred this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court are the following motions:

(1)  *Defendant Rodney D. Patten's Motion to Dismiss for Plaintiff's Failure to State a Claim,* filed February 5, 2007;

(2)  *Defendant Rodney D. Patten's Motion to Dismiss the Suit*, filed February 5, 2007;

(3)  *Defendants Collin County, John R. Roach, Yoon Kim, Christopher M. Fredericks, and Chad Smith's Motion to Dismiss, Strike, or Alternatively, to Transfer Venue, and Brief in Support*, filed February 9, 2007;

(4)  *Defendants Davis and Matthews, et al.'s Motion to Dismiss, Strike, or Alternatively, to Transfer Venue and Brief in Support*, filed February 9, 2007;

(5)  *Defendants Mark J. Rusch, Anthony G. Brocato, Jr. and State of Texas' Motion to Dismiss for Failure to State a Claim*, filed February 12, 2007;

(6)  *Defendants Mark J. Rusch, Anthony G. Brocato, Jr. and State of Texas' Motion to Dismiss and to Quash*, filed February 12, 2007; and

1

(7)     *Federal Defendant's Motion to Dismiss and Brief in Support Thereof*, filed February 27, 2007.

Also before the Court are Plaintiff's responses to these motions and the defendants' replies thereto.

Based on the filings and applicable law, this Court recommends that the motions of the defendants be

**GRANTED, in part,** and **DENIED, in part**.

# I. BACKGROUND[1]

## A.     Initial Collin County Court at Law Proceedings

On June 13, 2005, Plaintiff Richard John Florance, Jr. ("Plaintiff") initiated an action in Collin

County Court at Law No. 1 seeking mandamus relief and a declaratory judgment.  *See Amanda*

*Florance, a minor, and Richard John Florance v. State of Texas*, Cause No. 001-1412-05, in County

Court No. 1 of Collin County, Texas.  Plaintiff's suit challenged the City of Plano's Municipal Court's

jurisdiction over a misdemeanor citation issued to his daughter for being a minor in possession of

alcohol.  *See id.; see also State of Texas v. Amanda Jean Florance, et al.*, Cause No. 2005007697.

While his mandamus/declaratory action was pending in county court, Plaintiff removed the municipal-

court-misdemeanor prosecution against his daughter to the United States District Court for the Eastern

District of Texas, Sherman Division.  *See State of Texas v. Amanda Jean Florance*, No. 4:05-CV-264

(E.D. Tex. 2005).  The criminal prosecution against Plaintiff's daughter was promptly remanded back

---

[1]Because the complaint consists of disjointed facts with citations to various cases in state and federal courts as well as incomplete documents in the attached exhibits, (*see* Compl. at n.1-6, 8-9; Exhibits P-101 to P-110 thereto), a more complete factual history was obtained from the official records in the various matters Plaintiff referenced and incorporated into his complaint.  While a Court may not generally consider evidence apart from the well-pleaded facts in the complaint in a 12(b)(6) dismissal proceeding, a written document attached to a complaint as an exhibit is considered part of the complaint.  FED. R. CIV. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes."); *cf. Kane Enters. v. McGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[T]he court may review the documents attached to the motion to dismiss, e.g., the contracts in issue here, where the complaint refers to the documents and they are central to the claim." (citation omitted)).  The Court may also consider matters of which it can take judicial notice.  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996); *see also ITT Rayonier Inc. v. U.S.*, 651 F.2d 343, 345 n.2 (5th Cir. 1981) ("A court may, however, take judicial notice of its own records or of those of inferior courts.").

to municipal court.  *See* Doc. No. 11 (4:05-CV-264) (E.D. Tex. 2005) (Order of Remand).

On July 26, 2005, Collin County Court at Law No. 1 entered an order dismissing Plaintiff's mandamus/declaratory action for lack of jurisdiction.  *See Amanda Florance, a minor, and Richard John Florance v. State of Texas*, Cause No. 001-1412-05 (Jul. 26, 2005) (Order granting State of Texas' Plea to the Jurisdiction).  Plaintiff appealed that order to the state Court of Appeals in Dallas, Texas. *See In re A.F.*, No. 05-05-01435-CV, 2006 WL 1728035 (Tex. App.—Dallas Jun. 13, 2006, pet. denied), *cert. denied, A.F. v. Texas*, 127 S.Ct. 1326 (U.S. Tex. Feb. 20, 2007).[2]  After docketing Plaintiff's appeal, the Court of Appeals ordered that he pay $129 for preparation of the clerk's record. Plaintiff paid the fee under protest and simultaneously filed a pleading in the county court case entitled, "Florance's First Notice of Lien" against all real and personal property owned by Brenda Taylor, the Collin County Clerk ("Clerk Taylor") at that time.  (*See* Compl. at 15-16).  Clerk Taylor's counsel, Robert J. Davis ("Attorney Davis") of Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis, L.L.P. ("the Matthews Stein law firm"), wrote Plaintiff a letter advising that the notice of lien was illegal under Texas statutes and requesting that Plaintiff immediately withdraw the purported lien.  When Plaintiff refused to comply with the request, Clerk Taylor filed a motion for judicial review of "Florance's First Notice of Lien" in the county court case.  *Amanda Florance, a minor, and Richard John Florance v. State of Texas*, Cause No. 001-1412-05 (Tex. Co. Ct. at Law Jan. 13, 2006).

**B.**     **Removal of County Court at Law Proceedings to the United States District Court for the Northern District of Texas**

On January 18, 2006, Plaintiff removed the motion for judicial review in the county court case

---

[2] The Dallas Court of Appeals ultimately affirmed the county court's judgment.  *In re A.F.*, 05-05-01435-CV, 2006 WL 1728035 (Tex. App.—Dallas Jun. 13, 2006, pet. denied), *cert. denied, A.F. v. Texas*, 127 S.Ct. 1326 (U.S. Tex. Feb. 20, 2007).  Plaintiff sought further review by filing petitions in the Texas Supreme Court and the United States Supreme Court, but both courts denied his petitions.

to the United States District Court for the Northern District of Texas[3] and changed the alignment of the parties to reflect Clerk Taylor as the plaintiff and himself as the defendant. (*See* Compl. at 6, n.8); *see also* Doc. No. 1, (3:06-CV-000121-R) (N.D. Tex. Jan. 18, 2006) (Notice of Removal). The case was docketed and styled as indicated on Plaintiff's notice of removal. *Id.*

Clerk Taylor subsequently filed a motion to remand. Doc. No. 6, (3:06-CV-00121-R) (N.D. Tex. Jan. 23, 2006). Based on review of the motion, Plaintiff's pleadings, and the state records, United States Senior District Judge Jerry Buchmeyer ("Judge Buchmeyer") granted the motion to remand because Plaintiff had removed a case which he had initially filed. *See* Doc. No. 14, (3:06-CV-00121-R) (N.D. Tex. Mar. 7, 2006) (Memorandum Opinion and Order). On March 17, 2006, Judge Buchmeyer entered a revised memorandum opinion and order reflecting the proper style of the case as docketed in the state court. *See* Doc. No. 17 (3:06-CV-00121-R) (N.D. Tex. Mar. 17, 2006) (Memorandum Opinion and Order). In addition to granting Clerk Taylor's motion to remand, the Court also granted her motion for attorney's fees but denied her motion for Rule 11 sanctions. *Id.* On May 4, 2006, Judge Buchmeyer entered an Order awarding Clerk Taylor attorney's fees and costs in the amount of $3,676.39. *See* Doc. No. 21 (3:06-CV-00121-R) (N.D. Tex. May 4, 2006) (Order granting Attorney's Fees).[4] Plaintiff appealed the remand order to the United States Court of Appeals for the Fifth Circuit. *See Brenda Taylor, Individually v. Richard John Florance, Jr., Individually, and ex rel. Amanda Florance,* No. 06-

---

[3] Plaintiff's notice of removal conceded that Collin County is located in the United States District Court for the Eastern District of Texas. *See* Doc. No. 1, *Brenda Taylor v. Richard John Florance, Jr., Individually, and ex rel. Amanda Florance*, Civil Action No. 3:06-CV-00121 (N.D. Tex. Jan. 18, 2006); *see also* 28 U.S.C. § 124(c)(3).

[4] This order reflects the style of the case as originally docketed pursuant to Plaintiff's erroneous realignment of parties. *See* Doc. No. 21 (3:06-CV-00121-R) (N.D. Tex. May 4, 2006) (Order Granting Attorney's Fees). Plaintiff's claims against Judge Buchmeyer are derived from the variance in the style of the case on his orders.

10327 (5th Cir. 2006).[5]  On July 21, 2006, the Fifth Circuit dismissed Plaintiff's appeal for failure to

prosecute.  *Id.*

### C.     State District Court Proceeding

Clerk Taylor also filed her motion seeking judicial review of the document Plaintiff filed

purporting to be a lien in the 401st District Court of Collin County, Texas.  *See In re a Purported Lien*

*Against County Clerk*, Cause No. 401-02217-06, 401st Judicial District Court, Collin County, Texas.

On July 13, 2006, State District Judge Mark J. Rusch ("Judge Rusch") entered findings of fact and

conclusions of law holding that "Florance's First Notice of Lien" was fraudulent as defined in section

51.901(c) of the Texas Government Code.  *Id.*  Plaintiff appealed this decision to the state Court of

Appeals, which affirmed the state court's judgment.  *See In re a Purported Lien or Claim Against Collin*

*County Clerk Brenda Taylor*, No. 05-06-00992-CV (Tex. App.—Dallas Apr. 10, 2007, no pet. h.).

### D.     State Criminal Proceeding

Collin County District Attorney John R. Roach ("DA Roach") initiated a criminal action against

Plaintiff for refusing to release a fraudulent lien.  *See State of Texas v. Richard John Florance, Jr.*,

Cause No. 002-81238-06, County Court at Law No. 2, Collin County, Texas.  The state court dismissed

the case on January 3, 2007, and the State of Texas filed a notice of appeal to the Dallas Court of

Appeals.  *State of Texas v. Richard J. Florance, Jr.*, 05-07-00088-CR (Tex. App.—Dallas 2007).  That

appeal is currently pending.  *Id.*

### E.     Present Federal Court Action

Plaintiff filed this civil action on January 22, 2007, alleging various claims under federal and

---

[5] Plaintiff filed his notice of appeal one day before the Fifth Circuit issued an order in a different case sanctioning him for filing a frivolous appeal and prohibiting the filing of any further pleadings or other instruments without first obtaining authorization from a judge of the Fifth Circuit.  *See Florance v. Commissioner of Internal Revenue*, No. 05-60552, 174 Fed. Appx. 200 (5th Cir. Mar. 29, 2006).

state law.  (*See generally* Compl.).  Specifically, he alleges claims of extortion, fraud, false statement

and mail fraud against Judge Buchmeyer.  (*See* Compl. at 2, 5-6).  He alleges a claim of fraud against

Judge Rusch.  *Id.* at 11-13.  He alleges a claim of libel against Attorney Davis.  *Id.* at 3-4, 7-8.  He

brings a claim of malicious prosecution against DA Roach as well as Chad Smith, an investigator

employed with the Collin County District Attorney's office ("Investigator Smith").[6]  *See id.* at 8-10.

He alleges a claim of incessant retaliatory criminality against Attorney Davis and the Matthews Stein

law firm, Clerk Taylor, Unknown Deputy Clerk or Clerks, Plano City Prosecutor Rodney D. Patten

("City Prosecutor Patten"), Assistant Attorney General Anthony G. Brocato ("AAG Brocato"), DA

Roach, Collin County Assistant District Attorneys Yoon Kim ("ADA Kim") and Christopher M.

Fredericks ("ADA Fredericks"), Investigator Smith, and Collin County.  *Id.* at 10-11.  He further alleges

that DA Roach, Investigator Smith, ADA Kim, ADA Frederick, Attorney Davis, the Matthews Stein

law firm, Clerk Taylor, and Collin County are joint and severally liable for the claim of malicious

prosecution.  *Id.* at 9-10.  He claims that the State of Texas, the United States of America and Collin

County are jointly and severally liable under the doctrine of respondeat superior.  *Id.* at ¶¶ 21, 27, 36,

41, 50.

Each of the Defendants (except for Clerk Taylor, Unknown Deputy Clerk or Clerks, and the

United States of America, who have not answered or otherwise appeared) filed a motion to dismiss

based on FED. R. CIV. P. 12(b)(6).  Judge Rusch, AAG Brocato and the State of Texas (collectively "the

State Defendants") and City Prosecutor Patten also filed motions to dismiss based on Rule 12(b)(2) and

12(b)(5).  DA Roach, ADA Kim, ADA Fredericks, Investigator Smith (collectively "the County

Defendants"), and Attorney Davis and the Matthews Stein law firm also filed motions to strike pursuant

---

[6] Investigator Smith handled the investigation of Plaintiff's criminal activity related to the filing of a lien against Clerk Taylor.  *See* Collin County Defendants' Motion to Dismiss at 7.

rule 12(f) and an alternative motion to transfer venue.  Plaintiff filed responses to all of these motions, and the issues are now ripe for determination.

## II. RULE 12(b)(2) and 12(b)(5) MOTIONS

The State Defendants move to dismiss under rule 12(b)(2) and (5) on the grounds that the Court lacks personal jurisdiction over them because Plaintiff failed to effectuate service in compliance with the rules of civil procedure.  *See* State Defendants' Motion to Dismiss and to Quash at 2.  City Prosecutor Patten also filed a motion dismiss based on rule 12(b)(5) contending that service of process is insufficient because Plaintiff personally mailed him the complaint and summons.  *See* Defendant Patten's Motion to Dismiss at 2.

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on plaintiff to ensure that defendants are properly served with summons and a copy of the complaint.  FED. R. CIV. P. 4(c)(1).  Subsection (2) of rule 4 provides that "[s]ervice may be effected by any person *who is not a party* and who is at least 18 years of age."  FED. R. CIV. P. 4(c)(2) (emphasis added).  Various provisions under rule 4 describe the method of service for particular defendants.  When the defendant is an individual, FED. R. CIV. P. 4(e)(1) allows for service according to the law of the state in which the district court is located.  *Id.*  Under this rule, service of process on individual defendants like AAG Brocato, Judge Rusch, and City Prosecutor Patten must comply with the Texas rules governing service.  Further, FED. R. CIV. P. 4(j)(2) provides that service upon a state "shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon such defendant."  *Id.*  Under this rule, service of process for the State of Texas could be effected by serving the Chief Executive Officer of the State, Governor Rick Perry, *see* TEX. CONST. art. 4, § 1, or by serving process in compliance with the Texas rules of procedure.

Texas Rule of Civil Procedure 103 provides that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age and *who is not a party* or interested in the outcome of the suit may serve any process.  TEX. R. CIV. P. 103 (emphasis added).  Additionally, under Texas Rule of Civil Procedure 106(a)(2), *a person authorized by rule 103* may serve a defendant by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."  TEX. R. CIV. P. 106(a)(2) (emphasis added).

Plaintiff admits he served the State Defendants and City Prosecutor Patten by personally mailing a copy of the summons and complaint, certified mail, return receipt requested and restricted delivery.  *See* Response, State's Motion to Dismiss and to Quash at 22-24; Response, Patten's 12(b)(5) Motion at 13.[7]  Plaintiff contends that service of process is sufficient because mailing the complaint and summons with "restricted delivery" satisfies the requirements of "personal service" under Rule 4 of the Federal Rules of Civil Procedure.  *Id.*

Plaintiff is a party to this action.  Neither the federal rules of civil procedure nor the state rules of civil procedure allow a party to serve process.  *See* FED. R. CIV. P. 4(c)(2); TEX. R. CIV. P. 103. Accordingly, Plaintiff's attempts to serve the State Defendants and City Prosecutor Patten were ineffective.  *See Jackson v. Atrium Companies, Inc.*, No. 3:04-CV-0679-G, 2004 WL 1773699, at *2 (N.D. Tex. 2004).

Additionally, because Plaintiff attempted to serve these Defendants by certified mail, Texas law mandates that the return receipt must be signed by the addressee.  TEX. R. CIV. P. 107; *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied).  When the return receipt is not signed by the addressee, the service of process is defective.  *Keeton*, 53 S.W.3d at 19; *Southwestern*

---

[7] Plaintiff's response to Defendant Patten's one-paragraph, three-sentence motion to dismiss is a fourteen-page discussion regarding a "funny money" scam.  *See* Response, Patten's 12(b)(5) Motion at 1-14.

*Security Servs. Inc. v. Gamboa*, 172 S.W.3d 90, 92 (Tex. App.—El Paso 2005, no pet.). The proof of service in the Court's record for AAG Brocato,[8] Judge Rusch,[9] and City Prosecutor Patten[10] do not reflect that the return receipt was signed by the addressees. *See* Doc. Nos. 25, 31, 32 (3:07-CV-0125-M) (N.D. Tex. 2007) (Summons Returned Executed as to AAG Brocato, City Prosecutor Patten, and Judge Rusch). Plaintiff did not comply with the Texas rules governing service on these Defendants. Accordingly, service of process is insufficient. The Court notes that dismissal based on insufficient service of process, when Plaintiff's deadline for serving has not expired, is usually without prejudice to allow plaintiff an opportunity to effect proper service. *See Grant-Brooks v. Nationscredit Home Equity Services Corp.*, No. 3:01-CV-2327, 2002 WL 424566, at *5 (N.D. Tex. Mar. 15, 2002). However, based on the fact that the State Defendants and City Prosecutor Patten have also filed motions to dismiss under Rule 12(b)(6) and on the Court's recommended resolution of those motions, the Court finds dismissal for purposes of allowing plaintiff to serve defendants properly unnecessary. *See Grant-Brooks*, 2002 WL 424566 at *4 ("dismissal is not appropriate unless 'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant" (citing *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959) (noting that dismissal is not appropriate where there has been only one attempt at service of process))).

### III.  RULE 12(b)(6) MOTIONS

Several Defendants move for dismissal pursuant to FED. R. CIV. P. 12(b). Defendant Judge

---

[8] The signature line on the return receipt contains a stamp that states "Received in Mail Center, January 25, 2007, Attorney General of Texas." *See* Doc No. 25 (3:07-CV-0125-M) (N.D. Tex. 2007).

[9] The return receipt shows it was signed by David Dobecks on January 23, 2007. *See* Doc No. 32 (3:07-CV-0125-M) (N.D. Tex. 2007).

[10] Although difficult to decipher, the signature on the return receipt appears to "THy P". *See* Doc No. 31 (3:07-CV-0125-M) (N.D. Tex. 2007).

Buchmeyer moves to dismiss on the grounds that Plaintiff's claims against him are barred by the doctrine of absolute judicial immunity. (Fed. Defendant's Motion to Dismiss at 2). Judge Rusch, AAG Brocato, and the State of Texas assert absolute judicial immunity, eleventh amendment immunity, official immunity, and qualified immunity as grounds in support of their motion to dismiss.[11] *See* State Defendants' Motion to Dismiss for Failure to State a Claim at 3-6. DA Roach, ADA Kim, ADA Fredericks, and Investigator Smith assert the defenses of Eleventh Amendment Immunity, prosecutorial immunity, qualified immunity and official immunity against Plaintiff's claims. *See* Collin County Defendants' Motion to Dismiss at 6-7. Defendant Collin County argues Plaintiff's allegations against it fail to state a claim upon which this Court can grant relief. *See id.* at 7.

City Prosecutor Patten moves to dismiss on the grounds that Plaintiff's claims against him are barred by prosecutorial, official, and qualified immunity. *See* Defendant Patten's Motion to Dismiss at 2. Finally, Attorney Davis and the Matthews Stein law firm contend that Plaintiff's state-law claim of libel should be dismissed because the alleged defamatory statements were made in pleadings filed during litigation and were therefore protected by the doctrine of absolute privilege. *See* Defendants Davis and Matthews, et al.'s Motion to Dismiss at 3-5.

## A.     Standard of Review

Motions to dismiss under FED. R. CIV. P. 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d at 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d

---

[11] The Court notes that the State Defendants also urge that their rule 12(b)(6) motion be granted based on lack of jurisdiction. *See* State Defendants' Motion to Dismiss for Failure to State a Claim at 6. They contend that this Court lacks jurisdiction because the facts which form the basis of Plaintiff's complaint occurred in Plano, Collin County, Texas, which lies in the United States District Court for the Eastern District of Texas, Sherman Division. *Id.* Issues regarding improper venue are properly raised in a motion to dismiss under FED. R. CIV. P. 12(b)(3) or 28 U.S.C. § 1406(a), not a motion to dismiss under rule 12(b)(6). *See Pugh v. Arrow Electronics, Inc.*, 304 F.Supp.2d 890, 892 (N.D. Tex. 2003). Accordingly, the Court does not recommend granting the State Defendants' rule 12(b)(6) motion to dismiss on this basis.

772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-plead facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-plead facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. A court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Taylor v. Maple Ave. Econ. Dev. Corp.,* No. 3:02-CV-0791-D, 2002 WL 1758189 *3 (N.D. Tex. Jul. 26, 2002), *citing Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam).

**B.**     **Criminal Charges**

Plaintiff's primary response to all of the Defendants' motion to dismiss is that none of the defendants are protected by immunity because through the "Verified Criminal Complaint" that he filed

in this Court, he brings criminal charges against every defendant.[12]  *See e.g.* Response, State's Motion to Dismiss (12(b)(6)) at 5, 10.  However, a private citizen like Plaintiff cannot initiate a federal criminal prosecution because that power is vested exclusively in the executive branch.  *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting the executive branch has exclusive authority and absolute discretion to decide whether to prosecute a case); *Vella v. McCammon*, No. Civ. H-85-5580, 1986 WL 15772, at *2 (S.D. Tex. Jul. 29, 1986) (holding that plaintiff's allegations that defendants committed extortion and criminal conspiracy under federal law did not give rise to a civil cause of action); *Cf. Jones v. Conway,* No. Civ.A. 92-3883, 1992 WL 185578, at *1 (E.D.Pa. July 21, 1992) (holding that bringing criminal charges against defendants is not relief available under 42 U.S.C. § 1983).  Further, "[c]riminal statutes can neither be enforced by civil action nor by private parties." *Hassell v. United States,* No. 3:97-CV-1882-P, 1999 WL 444554, at *2 (N.D. Tex. May 28, 1999).  Simply, there is no constitutional right to have someone criminally prosecuted.  *See Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir. 1990).

Plaintiff clearly has not stated a claim with respect to the criminal charges alleged against these Defendants because a private party may not enforce criminal statutes through a civil action.  *Mass v. McDonald's Corp.*, No. 3:04-CV-0483-M, 2004 WL 2624255, at *5 (N.D. Tex. Nov. 12, 2004).  Thus, Plaintiff's "Verified Criminal Complaint" should be **DISMISSED** with prejudice, because such claims are not legally cognizable.

**C.**   **Judicial Immunity**

   **1.**   ***Judge Buchmeyer***

Judge Buchmeyer argues that Plaintiff's complaint should be dismissed because he is immune

---

[12]  The Court notes Plaintiff's criminal complaint contains 138 counts of alleged criminal violations.  (*See generally* Verified Criminal Compl.)

from suit based on the doctrine of judicial immunity. *See* Federal Defendant's Motion to Dismiss at 2. The United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978); *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Furthermore, allegations of bad faith or malice do not overcome judicial immunity. *Mireles*, 502 U.S. at 11.

Plaintiff's claims against Judge Buchmeyer arise from judicial actions taken in a removal proceeding. (Compl. at 2-3; Plaintiff's Exhibits 101, 102, 103). Plaintiff complains of two specific acts by Judge Buchmeyer. First, he complains that Judge Buchmeyer's findings of fact were "false and fraudulent." Second, he alleges the imposition of sanctions[13] was extortion. (Compl. at 5-6.) Plaintiff seeks monetary damages against Judge Buchmeyer in the sum of ten million dollars. (Compl. at 6). In response to Judge Buchmeyer's assertion of the absolute immunity defense, Plaintiff contends that the doctrine of absolute judicial immunity does not apply because immunity applies only to "protect discretionary acts" and "labeling parties as Plaintiff and Defendant is a non-discretionary matter." (Resp., Fed. Defendant's Motion to Dismiss at 5 (emphasis omitted)). Simply, Plaintiff contends that because the style of the case shows he is the "defendant," Judge Buchmeyer committed non-discretionary errors in referring to him as "plaintiff" and ordering remand, as well as awarding attorney's fees and costs due to the improper removal. *Id.* All of Plaintiff's claims against Judge Buchmeyer arise from acts performed in his judicial capacity in a proceeding initiated by Plaintiff. As

---

[13] While Plaintiff states that Judge Buchmeyer imposed a sanction for improperly removing the state court case, his own exhibits reflect that the Court denied Clerk Taylor's motion for Rule 11 sanctions, and instead, granted attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (Plaintiff's Exhibits 102, 103). Section 1447(c) provides that an "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

such, the doctrine of absolute judicial immunity does apply.

Plaintiff makes no specific allegation that Judge Buchmeyer acted outside the scope of his judicial duties and therefore acted without jurisdiction.  To the extent Plaintiff seeks damages from the Judge Buchmeyer for judicial acts within his jurisdiction, those claims are barred by judicial immunity. The Court therefore recommends that Judge Buchmeyer's motion to dismiss for failure to state a claim be **GRANTED.**

>    **2.**    ***Judge Rusch***

State District Judge Rusch presides over the 401st District Court of Collin County, Texas. Because Plaintiff's claims against Judge Rusch arise from his findings in a matter brought before his court, he asks this Court to dismiss Plaintiff's claims based on judicial immunity.  *See* State Defendants' Motion to Dismiss for Failure to State a Claim at 3-6.

As previously discussed, the United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties.  *See Nixon*, 457 U.S. at 745-46.  A plaintiff can overcome the bar of judicial immunity only under two very limited circumstances.  *See Mireles*, 502 U.S. at 11-12; *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).  First, a judge is not immune from suit for actions that are not "judicial" in nature.  *See Mireles*, 502 U.S. at 11.  Second, a judge is not immune from suit for actions that although judicial in nature, are taken in the complete absence of all jurisdiction.  *See Mireles*, 502 U.S. at 12; *see also Malina v. Gonzalez*, 994 F.2d 1121, 1124 (5th Cir. 1993).  In contrast to Plaintiff's claims against Judge Buchmeyer, which Plaintiff did not allege were taken in the complete absence of jurisdiction, Plaintiff does argue that Judge Rusch's action were done without any jurisdiction.

Plaintiff's claim of fraudulent fact-finding against Judge Rusch arises from his decision and order on the motion for judicial review of "Florance's First Notice of Lien."  (*See* Compl. at 11).

Specifically, Plaintiff complains of the following actions by Judge Rusch: (1) finding that no law in the State of Texas or the United States authorized Plaintiff's lien; (2) finding Plaintiff's notice of lien was fraudulent; and (3) entering findings *ex parte* with any notice to Plaintiff.  (*See* Compl. at 12).  Plaintiff further alleges that Judge Rusch acted without jurisdiction because "no state court ___***ever***___ has subject matter jurisdiction to disapprove ___***or***___ to approve any "Notice of Lien".  *See* Response, State's Motion to Dismiss (12(b)(6)) at 11.  Texas statutes, however, expressly provide state district courts with jurisdiction to review liens.

Section 51.901 of the Texas Government Code describes circumstances in which a lien is considered fraudulent.  TEX. GOV'T CODE § 51.901(c)(2)(A)-(C).  If a county clerk has a good faith belief that a document purporting to be a lien is fraudulent, she may seek the seek the assistance of the county or district attorney to ascertain if the lien is indeed fraudulent.  *Id.* § 51.901(d).  Section 51.903 is titled "Action on a Fraudulent Lien on Property" and provides that a motion containing, at a minimum, the information provided in that section may be filed with the district clerk of the county in which the property is located.  TEX. GOV'T CODE § 51.903(a).  The statute further provides the motion may be  "ruled on by a district judge having jurisdiction over real property matters in the county where the subject document was filed."  TEX. GOV'T CODE § 51.903(c).  Section 51.903(c) also expressly states "[t]he court's review may be made ex parte without delay or notice of any kind."  *Id.*  Since Judge Rusch's finding that Plaintiff's notice of lien was fraudulent, even without notice or a hearing, was a judicial act that was not done in the complete absence of all jurisdiction, Judge Rusch is absolutely immune from Plaintiff's suit for damages.  To the extent Plaintiff seeks damages from the Judge Rusch for judicial acts within his jurisdiction, those claims are barred by judicial immunity.[14]  Accordingly,

---

[14] Because the Court finds that Judge Rusch is absolutely immune from suit based on the doctrine of judicial immunity, there is no need to address his defense of qualified immunity. *See Barrett v. Harrington*, 130 F.3d 246, 260 (6th Cir. 1997) (noting that based on its holding that the judge was entitled to absolute judicial

the Court recommends that Judge Rusch's motion to dismiss for failure to state a claim be **GRANTED**.

**D.**     **Eleventh Amendment Immunity**

Defendants the State of Texas, Judge Rusch, Brocato, DA Roach, ADA Kim and ADA Fredericks assert immunity under the Eleventh Amendment to the United States Constitution. *See* State Defendants' Motion to Dismiss for Failure to State a Claim at 4; Collin County Defendants' Motion to Dismiss at 6.

"The Eleventh Amendment secures the states' immunity from private suits for monetary damages filed in federal court." *Neinast v. Texas,* 217 F.3d 275, 280 (5th Cir. 2000). While Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communications v. BellSouth Telecommunications Inc.,* 238 F.3d 636, 643 (5th Cir. 2001), neither of those conditions has occurred here. The State has not waived its immunity by consenting to Plaintiff's suit, and Congress has not abrogated Eleventh Amendment immunity to allow Plaintiff to bring suit for monetary damages against the State. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). "Additionally, the Supreme Court has for nearly a century allowed suits against state officials for prospective injunctive relief to end a continuing violation of federal law under the doctrine of *Ex parte Young,* 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)," *AT&T Communications,* 238 F.3d at 643, but Plaintiff does not seek prospective injunctive relief.

Plaintiff responds that the State of Texas is not protected by immunity under the Eleventh

immunity, the Court did not need to address the qualified immunity issues); *see also Wulffenstein v. State of Oklahoma,* No. CIV 05 203L, 2005 WL 1429273, *4 (W.D. Okla. Jun. 15, 2005) (holding that because a defendants were entitled to absolute judicial immunity, absolute prosecutorial immunity, and Eleventh Amendment immunity, the court need not address the defense of qualified immunity raised by the movants).

Amendment because it is a "federal corporation."[15]  *See* Response, State's Motion to Dismiss (12(b)(6)) at 13.  Plaintiff seemingly relies on the Supreme Court's holding in *Northern Insurance Company of New York v. Chatham County, Georgia*, 547 U.S. 189 (2006) for this proposition.[16]  *Id.*  Plaintiff's reliance on *Northern* is misplaced. The Supreme Court did not address whether immunity under the Eleventh Amendment applied to a state of the United States.  Nor did it hold that a state is not protected by immunity from suit under the Eleventh Amendment because it is a federal corporation.  Instead, the Supreme Court's holding in *Northern* was limited to the fact that the County defendant conceded that it was not entitled to Eleventh Amendment immunity because it would not qualify as an arm of the State.  *Northern Ins. Co.*, 126 S.Ct. at 1694.  Accordingly, the Court finds that the Supreme Court's decision in *Northern* does not govern the instant case.

In this instance, Plaintiff seeks only monetary damages against the State of Texas.  (*See* Compl. at 13-14).  This claim for monetary damages against the State of Texas is based on vicarious liability for the acts of the various state officials, namely Judge Rusch, AAG Brocato, DA Roach, ADA Kim, and ADA Fredericks.  (*See* Compl. at 11).  A plaintiff cannot prevail against a defendant solely on the grounds of respondeat superior.  *See Dean v. Gladney*, 621 F.2d 1331, 1335 (5th Cir. 1980) (holding there can be no recovery under the Constitution against municipalities based on the doctrine of respondeat superior).  To the extent that Plaintiff is attempting to hold the State of Texas liable under the doctrine of respondeat superior, Plaintiff fails to state a claim.  Additionally, the State of Texas is

---

[15] Plaintiff's response to the immunity issue as it relates to the Collin County Defendants simply states, "**IMMUNITY?! When pigs fly!**".  *See* Response, Collin County Defendants' Motion to Dismiss at 5.  Similarly, Plaintiff's reply to City Prosecutor Patten's assertion of the immunity defense states, "**IMMUNITY?! In a pig's eye!**."  *See* Patten's 12(b)(6) Motion at 3.  This Court notes that the District Court has extensive experience with arguments punctuated by flying pigs.

[16] Plaintiff simply cites "*Cf. N. Ins. Co. of New York*" without any further explanation or references.  *See* Response, State's Motion to Dismiss (12(b)(6)) at 13.

immune from suit based on the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

Plaintiff's complaint is difficult to understand with regard to whether his claims against the state officials are alleged in their official capacity, in an individual capacity, or both. Certainly, to the extent that Plaintiff seeks to recover money damages from the State for the acts of these state officials, his complaint can be construed to allege claims in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In contrast, Plaintiff's claims which seek to impose individual liability on these state officials for acts committed "under color of law and office" could be construed as individual-capacity claims. (*See* Compl. at 10); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law.").

For purposes of the Eleventh Amendment bar that precludes damages action against a state in federal court, federal claims against state employees in their official capacities are equivalent of suits against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Graham*, 473 U.S. at 169. To the extent that Judge Rusch, AAG Brocato, DA Roach, ADA Kim and ADA Fredericks are sued in their official capacity, Plaintiff's claims against them are barred by the Eleventh Amendment. *Cox v. Mitchell*, No. 1:02-CV-0147, 2004 WL 2203129 at *2 (N.D. Tex. Sept. 30, 2004) ("State officials are immune under the Eleventh Amendment when they are sued in their official capacities."); *Hines v. Texas*, 76 Fed. Appx. 564, 566 (5th Cir. 2003) (same); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir.), *cert. denied*, 522 U.S. 828 (1997) (recognizing that a district attorney is a state official when initiating a criminal proceeding to enforce state law). The Court therefore recommends that defendant the State of Texas' motion to dismiss for failure to state a claim be **GRANTED.**

**E.**     **Prosecutorial Immunity**

Defendants DA Roach, ADA Kim, ADA Fredericks, and City Prosecutor Patten also assert that

Plaintiff's claims should be dismissed based on prosecutorial immunity. *See* Collin County Defendants' Motion to Dismiss at 6; Defendant Rodney D. Patten's Motion to Dismiss for Plaintiff's Failure to State a Claim at 2. These defendants contend that immunity applies to protect their actions in initiating and pursuing a criminal prosecution against Plaintiff and his daughter. *Id.*

A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in carrying the case through the judicial process. *See Kalina v. Fletcher,* 522 U.S. 118, 123-129 (1997); *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976); *Esteves v. Brock,* 106 F.3d 674, 676 (5th Cir.), *cert. denied,* 522 U.S. 828 (1997). This absolute immunity covers a prosecutor's activities as an advocate, *i.e.*, "activities intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Absolute immunity applies "[e]ven where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts." *Hensel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979). Absolute immunity protects prosecutors from all liability even when they act "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).

Plaintiff complains that DA Roach, ADA Kim and ADA Fredericks were malicious in initiating a criminal charge and prosecution against him. (*See* Compl. at 9). Plaintiff has made no allegation that these county prosecutors acted other than in their adjudicative role as prosecutors. Plaintiff has also failed to plead any acts committed by the city prosecutor in any role other than his adjudicative role as City Prosecutor for the City of Plano, Texas. All of these prosecutors therefore have absolute immunity against Plaintiff's claims. *Imbler*, 424 U.S. at 430-31 (holding that a prosecutor is absolutely immune

from all liability when acting in the role of advocate).[17]

To the extent Plaintiff asserts a malicious prosecution claim against the county prosecutors, the Fifth Circuit has recently clarified that "'malicious prosecution' standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law." *See Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (*en banc*), *cert. filed*, No. 03-1269 (Mar. 2, 2004). In other words, there is no "freestanding constitutional right to be free from malicious prosecution." *Id.* at 945. Thus, any allegation of malicious prosecution fails to state a claim upon which relief can be granted. Accordingly, the Court recommends that DA Roach's, ADA Kim's, ADA Fredericks', and City Prosecutor Patten's motion to dismiss for failure to state a claim be **GRANTED**.

## F.     Qualified Immunity

Investigator Smith seeks dismissal of Plaintiff's federal-law claims alleged against him in an individual capacity on the basis of qualified immunity. *See* Collin County Defendants' Motion to Dismiss at 7. A public official performing a discretionary function enjoys qualified immunity in a civil action, provided the conduct alleged did not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is not merely a defense to liability but an immunity from suit. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995). In addressing a claim of qualified immunity, a court must first determine whether the plaintiff has alleged a violation of a clearly established

---

[17]While these defendants also assert the defense of qualified immunity as a ground in support of their respective motions to dismiss, *see* Collin County Defendant's Motion to Dismiss at 7, Defendant Patten's Motion to Dismiss at 2, the Court does not need to address this issue based on its finding that defendants are entitled to absolute prosecutorial immunity. *See Barrett*, 130 F.3d at 260 (noting that based on its holding that the judge was entitled to absolute judicial immunity, the Court did not need to address the qualified immunity issues); *see also Wulffenstein*, 2005 WL 1429273, *4 (holding that because a defendants were entitled to absolute judicial immunity, absolute prosecutorial immunity, and Eleventh Amendment immunity, the court need not address the defense of qualified immunity raised by the movants).

constitutional right, which is a purely legal question. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Kipps v. Caller*, 205 F.3d 203, 204 (5th Cir. 2000). Then, the court proceeds to determine whether the right allegedly violated was clearly established at the time, such that a reasonable official would have understood that the conduct engaged in violated that right. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993).

Although a plaintiff need not anticipate a claim of qualified immunity in his original pleading, he may be required to "engage the affirmative defense of qualified immunity when invoked." *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc). This is done through a Rule 7(a) reply. *See* FED. R. CIV. P. 7(a). Such a reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Schultea*, 47 F.3d at 1433. "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Id.* at 1433.

Plaintiff's individual capacity claims against Investigator Smith are clouded by his erroneous allegations of criminal acts and it is therefore hard to decipher whether Plaintiff has actually plead violations of his rights under federal law. (*See* Compl. at 8-13). To the extent that Plaintiff's complaint asserts claims against defendant Investigator Smith in his individual capacity, the Court determines that a Rule 7(a) reply is warranted. *See Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995).

Plaintiff's Rule 7(a) reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. Plaintiff must "support[] his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Schultea*, 47 F.3d at 1434. Stated differently, Plaintiff must state specifically how Investigator Smith took actions that deprived Plaintiff of a constitutionally or statutorily protected right, and state specifically how Investigator Smith's conduct caused his injury. Furthermore, the Court recommends

that any failure to file a Rule 7(a) reply result in dismissal of his claims against Investigator Smith.  *See Bryant v. Lubbock Ind. Sch. Dist.,* 2004 WL 884471, at *6 (N.D. Tex. Apr. 26, 2004) (citing *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999)).

### G.   Official Immunity

To the extent Plaintiff alleges state-law claims against Judge Rusch, AAG Brocato, DA Roach, ADA Kim, ADA Fredericks, Investigator Smith, and City Prosecutor Patten, these defendants contend his claims against them should be dismissed because they are entitled to official immunity.  *See* State Defendants' Motion to Dismiss for Failure to State a Claim at 4-5; Collin County Defendants' Motion to Dismiss at 7.  Defendant's assert that Plaintiff's claims against them arise from matters pertaining to their regular duties as a State District Judge, an Assistant Attorney General, a District Attorney, Assistant District Attorneys, an Investigator for the District Attorney's Office, and a City Prosecutor. (*Id.; see generally* Compl.).

Texas law provides that "[g]overnment employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority."  *City of Lancaster v. Chambers*, 83 S.W.2d 650, 653 (Tex.1994).  As previously stated, considering true the facts alleged in Plaintiff's complaint, he has not alleged that any of the Defendants acted outside the scope of their authority.  Judge Rusch, AAG Brocato, DA Roach, ADA Kim, ADA Fredericks, Investigator Smith, and City Prosecutor Patten would therefore be protected from Plaintiff's state-law claims by official immunity.

### H.   Collin County, Texas

Defendant Collin County, Texas, moves to dismiss on the grounds that Plaintiff's complaint alleging its liability based solely on respondeat superior fails to state a claim.  *See* Collin County Defendants' Motion to Dismiss at 7.  The law is well-settled that a "governmental entity cannot be

liable for civil rights violations under a theory of respondeat superior or vicarious liability." *Williams v. Kaufman County*, 86 F.Supp.2d 586, 599 (N.D. Tex. 2000).  To this, Plaintiff responds that "the concept of 'sovereign immunity' is instantly both laughable and inapplicable" because "Collin County, Texas is a commercial entity engaging in commerce in 'this state' via the benefit of a tax exemption certificate."  *See* Response, Collin County Defendants' Motion to Dismiss, etc. at 11.  Plaintiff's response does not overcome Collin County's defense.  Plaintiff's complaint shows his claims against Collin County are based only on respondeat superior or vicarious liability.  (*See* Compl. at 10-13.

Section 1983 of Title 42 of the United States Code may impose liability on a municipality, such as Collin County, "for a deprivation of rights protected by the Constitution or federal law *only if* that deprivation is inflicted pursuant to an official, municipal policy." *Campbell v. City of San Antonio,* 43 F.3d 973, 977 (5th Cir. 1995) (emphasis added).  An "official policy" that may impose liability upon a municipality is either

> 1.  A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

> 2.  A persistent, widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*); *see also*, *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

In this instance, Plaintiff does not sue Collin County for any policy, practice, or custom that violated his civil rights.  (*See* Compl. at 10-13).  Consequently, this action cannot stand against the county.  Plaintiff expressly states that his complaint does not allege a claim under §1983.  *See* Response, Collin County Defendants' Motion to Dismiss at 10.  There is no other vehicle through which Plaintiff could bring claims for monetary damages against Collin County in federal court.

Even though Collin County may be held liable under 42 U.S.C. § 1983 if a custom or policy deprives plaintiff of his constitutional rights, a municipality cannot be liable under § 1983 simply because it employs a tortfeasor.  *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 691-92 (1978). "The 'official policy' requirement . . . make[s][it] clear that municipal liability [under § 1983] is limited to action for which the municipality is actually responsible . . . that is, acts which the municipality has officially sanctioned or ordered."  *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986). "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability."  *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir.) (footnote omitted), *cert. denied,* 122 S. Ct. 53 (2001). "'[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives' by [municipal] policymakers."  *City of Canton  v. Harris,* 489 U.S. 378, 389 (1989) (quoting *Pembaur,* 475 U.S. at 483-84).

Plaintiff has not pleaded any official policy or custom of Collin County resulted in a violation of his rights.  The Court therefore recommends that the District Court **DISMISS** Plaintiff's claims against Collin County, Texas with prejudice pursuant to rule 12(b)(6).

## I.   Claims Against Clerk Taylor and Unknown Deputy Clerk or Clerks

The Collin County Defendants assert Plaintiff's claims against Clerk Taylor and the Unknown Deputy Clerk or Clerks should also be dismissed even though these defendants do not appear to have been properly served because they would be immune from suit based on the doctrine of derivative judicial immunity.  *See* Collin County Defendants' Motion to Dismiss at 8.  It is well settled that a district court may dismiss a complaint on its own initiative for failure to state a claim when the inadequacy of the claim is apparent as a matter of law.  *See Elmo v. Southern Foods Group, L.P.*, 2006

WL 1420777, at * 3 (N.D. Tex. May 23, 2006); *see also Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th

Cir. 1991). Thus, even though Clerk Taylor and the Unknown Deputy Clerk or Clerks have not filed

a motion to dismiss, the Court may consider whether Plaintiff's complaint fails to state a claim against

these defendants.

Plaintiff conclusorily alleges that Clerk Taylor and unknown Deputy Clerk or Clerks are liable

for monetary damages because they criminally tampered with the court record in his state

mandamus/declaratory relief action. (*See* Compl. at 11). Plaintiff does not plead how such actions rise

to the level of a constitutional violation for which relief is available in this civil action. As previously

discussed, Plaintiff cannot enforce criminal statutes through a civil action. *Mass*, 2004 WL 2624255,

at *5.

To the extent that Plaintiff attacks Clerk Taylor based on her performance of official duties,

which make her responsible for preparing the record on appeal, court clerks "have absolute immunity

from actions for damages arising from acts they are specifically required to do under court order or at

a judge's discretion." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). They "enjoy[] only

qualified immunity[, however,] for those routine duties not explicitly commanded by a court decree or

by the judge's instructions." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). The Texas Rules of

Appellate Procedure provide specific instructions regarding documents that must be included in the

clerk's record and a remedy if the record is defective. TEX. R. APP. P. 34.5(a), (d). Accordingly,

Plaintiff claims against Clerk Taylor that fall within the procedures prescribed by Texas' rules would

be barred by absolute immunity. *See Darnell v. Conder*, No. 4:06cv053-Y, 2006 WL 2354932, at *2

(N.D. Tex. Aug. 15, 2006) (holding absolute immunity applies when clerk's actions are prescribed by

court rules). The Court recommends that Plaintiff's complaint against Clerk Taylor be **DISMISSED**

pursuant to rule 12(b)(6) for failure to state a claim.

Plaintiff sues an "Unknown Deputy Clerk or Clerks" in this action. (*See* Compl. at 1). "Neither the Federal Rules of Civil Procedure nor [42 U.S.C. § 1983] provides authority for joining fictitious defendants in this suit." *Taylor v. Federal Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986). Because the Court lacks personal jurisdiction over such unidentified fictitious defendants, claims against such defendants are subject to dismissal. Accordingly, the Court recommends that Plaintiff's complaint against the "Unknown Deputy Clerk or Clerks" be **DISMISSED** pursuant to rule 12(b)(2) and 12(b)(6).

**J.**     **Claims Against Attorney Davis and the Matthews Stein law firm**

Plaintiff's claims for libel against defendants Attorney Davis and the Matthews Stein law firm appear to arise under state rather than federal law. (*See* Compl. at 3, 4, 7). Nevertheless, the Court may, exercise supplemental jurisdiction over pendent state law claims. *See* 28 U.S.C. § 1367. Attorney Davis and the Matthew Stein law firm argue Plaintiff's libel claim based on statements made in various pleadings filed in prior judicial proceedings should be dismissed with prejudice because they are immune from suit. *See* Defendants Davis and Matthews, et al.'s Motion to Dismiss at 4-5.

Texas law provides an absolute privilege to parties and witnesses who participate in judicial proceedings from having to answer civil actions in damages for libel or slander. *See Belo & Co. v. Wren*, 63 Tex. 686 (1884); *Runge v. Franklin*, 10 S.W. 721, 723 (Tex. 1889). The Texas Supreme Court describes this scope of the privilege to mean "[a]ny communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot constitute the based of a civil action in damages for slander or libel." *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912 (Tex. 1941). The absolute privilege extends to "any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case."

*James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982).

In this case, Plaintiff specifically bases his libel claim on statements made in various pleadings filed by Attorney Davis and the Matthews Stein law firm in legal proceedings where they represented Clerk Taylor against Plaintiff. (*See* Compl. at 3-4). Specifically, Plaintiff takes issue with statements containing descriptions such as "litigation terrorist" and "litigation Jihad." *Id.* Plaintiff argues in his response to Attorney Davis' and the Matthew Stein law firm's motion to dismiss that "immunity" does not apply because there is no factual basis for the assertions made. *See* Response, Davis' and Matthew, etc. LLP Motion to Dismiss at 14-15.

Plaintiff does not refute that the statements were made in pleadings filed in various prior legal proceedings. In fact, Plaintiff's exhibits in support of the libel claim against Attorney Davis and the Matthews Stein law firm confirms that the statements complained of are contained in pleadings filed in a prior proceeding in the Dallas Court of Appeals, this Court, and the United States Court of Appeals for the Fifth Circuit. *See* Exhibits Accompanying Original Complaint, No. P-105, P-106, P-107, P-108, P-109. Because the statements Plaintiff complains of were made by the attorneys to a party in a pleading filed with the Court, they are absolutely privileged and Attorney Davis and the Matthews Stein law firm cannot be sued for libel. Accordingly, Plaintiff's complaint against Attorney Davis and the Matthew Stein law firm should be dismissed for failure to state a claim. The Court recommends that Attorney Davis' and the Matthew Stein law firm's motion to dismiss be **GRANTED**.

## K.      Claim against the United States of America

Plaintiff also sues the United States of America ("USA") under the doctrine of respondeat superior for the criminal conduct of Judge "Buchmeyer, Davis, Matthews etc., LLP and Taylor". (*See* Compl. at 7). Although the USA has not filed an answer or moved to dismiss, the Court can dismiss this claim if it finds Plaintiff fails to state a claim as a matter of law. *Elmo*, 2006 WL 1420777, at *3;

*Guthrie*, 941 F.2d at 379.

Plaintiff's complaint against the USA fails to state a claim as a matter of law because Plaintiff cannot maintain this civil action.  The USA is immune from suit unless it consents to be sued, and the terms of such consent, or waiver of its sovereign immunity, "define [the] Court's jurisdiction to entertain the suit."  *United States v. Testan*, 424 U.S. 392, 399 (1976).  The Supreme Court has recognized that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."  *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981).  Plaintiff cites 28 U.S.C. § 3002(15) in the paragraph pertaining to his claim against the USA. (*See* Compl. at 7).  To the extent that Plaintiff relies on § 3002(15) to sue the USA, it does not apply because § 3002 is simply a definitions statute in the chapter that authorizes the USA to "(1) recover a judgment on a debt; or (2) to obtain, before judgment on a claim for a debt, a remedy in connection with such claim."  28 U.S.C. § 3001(a).  Neither statute contains a waiver of immunity from suit, nor creates a remedy for private litigants such as Plaintiff.  There is also no right to sue the USA on a claim of respondeat superior under 28 U.S.C. § 3002.  Because the USA is immune from suit, and has not consented or waived immunity under 28 U.S.C. § 3002, Plaintiff's complaint fails to state a claim as a matter of law.  The Court recommends Plaintiff's claims against the USA be **DISMISSED** with prejudice.

## IV. RULE 12(f)  MOTION TO STRIKE

The County Defendants, Attorney Davis, and the Matthews Stein law firm also move to strike Plaintiff's entire Verified Criminal Complaint and Original Complaint as being "impertinent and scandalous" pursuant to Federal Rule of Civil Procedure 12(f).  *See* Collin County Defendants' Motion to Dismiss, Strike, or alternatively, Transfer Venue & Brief at 9.

Rule 12(f) states that [u]pon motion made by a party before responding to a pleading or, if no

responsive pleading is permitted by these rules ... upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction,* 306 F.2d 862, 868 (5th Cir.1962) (citations omitted). "Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *FDIC v. Niblo,* 821 F.Supp. 441, 449 (N.D. Tex.1993). "Scandalous" in Rule 12(f) "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *See Cobell v. Norton,* 224 F.R.D. 266, 280 (D.D.C. 2004).

Although defendants urge their motion to strike under rule 12(f) as a separate and independent motion from their motion to dismiss under rule 12(b)(6), the rule 12(f) motion is in essence just another motion to dismiss because defendants seek dismissal of Plaintiff's complaints in their entirety. *See Longman v. Physicians Resource Group, Inc.*, 2003 WL 22244675, at *3 n.6 (N.D. Tex. 2003) (deciding that defendants' motion to dismiss and motion to strike would be treated as a motion to dismiss because defendants sought dismissal of the entire complaint). In light of the Court's recommendation that Plaintiff's "Verified Criminal Complaint" be dismissed for failure to state a claim, and the resolution of claims in Plaintiff's "Original Complaint" pursuant to the defendants' 12(b)(6) motion to dismiss, the defendants' motion to strike under rule 12(f) should be denied as moot. *Cf. Longman*, 2003 WL 22244675 at *8 (holding motion to dismiss was moot where Court granted motion to strike).

## V.  ALTERNATIVE MOTION TO TRANSFER VENUE

The County Defendants, Attorney Davis, and the Matthews Stein law firm move, in the

alternative, that the Court transfer venue pursuant to 28 U.S.C. § 1406 and 28 U.S.C. §1404(a).  *See* County Defendants' Motion to Dismiss, Strike, or alternatively, Transfer Venue & Brief at 4, 10; Defendants' Davis and Matthews, et al.'s Motion to Dismiss at 5.  Section 1406 provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406.  When a case is filed in an improper venue, the decision of whether to transfer venue is in the Court's discretion.  *Pugh*, 304 F.Supp.2d at 896.  Additionally, a district court may transfer any civil case "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."  28 U.S.C. §1404(a).

Defendants contend that notwithstanding the fact that Defendant Judge Buchmeyer and the Matthews Stein law firm are residents of Dallas County, which lies in the Northern District of Texas, the majority of the acts giving rise to Plaintiff's complaint occurred in Collin County, Texas, which lies in the Eastern District of Texas, Sherman Division.  *Id.*  Thus, the County Defendants contend proper venue is in the Sherman Division of the Eastern District of Texas.  Plaintiff responds that the Northern District of Texas, Dallas Division is a proper venue under 28 U.S.C. §§ 1391 and 1402 because a "'substantial' part of each and every claim [Plaintiff] presently asserts . . . has direct relation with the Northern District."  *See* Response, Collin County Defendants' Motion to Dismiss, etc. at 16-18.  In his response, Plaintiff primarily attempts to establish why venue is proper under any of the bases found in § 1391.

Under § 1391(b) a civil action that is not founded solely upon diversity of citizenship may be brought in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial

district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

Plaintiff overlooks that § 1391 is a general venue statute that may yield to the specific venue provisions in § 1402 when the United States of America is a defendant.  *See* 28 U.S.C. § 1402; *see also Jones v. United States, et al.*, 407 F.Supp. 873, 875 (N.D. Tex. 1976) (noting § 1402 specifically provides for venue in cases where jurisdiction lies under §1346).  Plaintiff has sued the United States of America in this action, but has not pleaded the specific basis of jurisdiction for his claim against the United States.  (*See* Comp. at 7, ¶ 21).  Nevertheless, assuming Plaintiff's claim against the USA could be brought under § 1346(b), venue would be mandatory in the "judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. §1402(b).  Here, Plaintiff's claims against Judge Buchmeyer and the USA are based on acts that occurred in the United States District Court for the Northern District of Texas.  Thus, under § 1402(b), the Northern District of Texas would be a proper venue for this suit.  Given the fact that the majority of the acts or omissions complained of occurred in Collin County, and that most of the factual witnesses reside in Collin County, however, the Court could transfer the case to the United States District Court for the Eastern District if it found the Eastern District was a more convenient venue for the parties and witnesses.  28 U.S.C. § 1404(a).  Given the Court's recommended resolution of the Defendants' motions to dismiss for failure to state a claim, it is unnecessary for the Court to determine whether it would be more convenient to litigate this action in another district.  *Jones*, 407 F.Supp. at 876 (recognizing that venue is a "concept oriented around the convenience of the litigants and the court system").

Because the Court finds that Plaintiff's complaint, in large part, fails to state claims against all of the Defendants and should be dismissed for failure to state a claim, it would not be in the interests of justice to transfer a frivolous lawsuit.  Accordingly, the Court recommends that the County

Defendants' alternative motion to transfer venue be **DENIED**.

## VI.  RECOMMENDATION

For the foregoing reasons, it is hereby **RECOMMENDED** that the District Court grant *Defendant, Rodney D. Patten's Motion to Dismiss for Failure to State a Claim* (Doc. #5) and dismiss with prejudice any claims against City Prosecutor Patten on grounds of immunity.  Also, *Defendant Rodney D. Patten's Motion to Dismiss the Suit* (Doc. #6) pursuant to rule 12(b)(5) should be denied.

It is further **RECOMMENDED** that the District Court grant in part and deny in part *Defendants Collin County, Texas, John R. Roach, Yoon Kim, Christopher M. Fredericks and Chad Smith's Motion to Dismiss, Strike, or Alternatively, to Transfer Venue* (Doc. #8).  The Court should dismiss with prejudice all claims against DA Roach, ADA Kim, ands ADA Fredericks on grounds of immunity.  It should dismiss with prejudice all claims against Collin County because Plaintiff fails to state a claim upon which the Court can grant relief.  It should deny the motion as to Investigator Smith, and permit Plaintiff to file a Rule 7(a) reply.  The Court should also deny the Collin County Defendants' request to strike and alternative motion to transfer venue.

It is further **RECOMMENDED** that the District Court grant in part and deny in part *Defendants Davis and Matthews, et al.'s Motion to Dismiss, Strike, or Alternatively, to Transfer Venue* (Doc. #9).  The Court should dismiss with prejudice all claims against Attorney Davis and Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis, L.L.P. on grounds of absolute privilege.  It should deny Attorney Davis' and the Matthews Stein law firm's request to strike and alternative motion to transfer venue.

It is further **RECOMMENDED** that the District Court grant *Defendants' Mark J. Rusch, Anthony G. Brocato, Jr. and State of Texas' Motion to Dismiss for Failure to State a Claim* (Doc. #11), and dismiss with prejudice all claims against the State of Texas, Judge Rusch, and AAG Brocato on grounds of immunity.  Additionally, *Defendants' Mark J. Rusch, Anthony G. Brocato, Jr. and State of*

*Texas' Motion to Dismiss and to Quash* (Doc. #10) pursuant to rule 12(b)(2) and 12(b)(5) should be denied.

It is further **RECOMMENDED** that the District Court grant *Federal Defendant's Motion to Dismiss* (Doc. #23) and dismiss all claims against Judge Jerry Buchmeyer on grounds of immunity.

It is further **RECOMMENDED** that the Court, on its own initiative, dismiss with prejudice any claims against Clerk Brenda Taylor as barred by the doctrine of derivative judicial immunity; dismiss with prejudice any claims against the United States of America as barred by sovereign immunity; dismiss without prejudice any claims against "Unknown Deputy Clerk or Clerks" for lack of jurisdiction; and dismiss with prejudice any claims in Plaintiff's "Verified Criminal Complaint" for failure to state a claim.

In light of the foregoing recommendations, all defendants except for Chad Smith will be completely terminated from this case.

**SO RECOMMENDED** on this 30th day of April 2007.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

34