# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD JOHN FLORANCE, JR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Civil Action No. 3:07-CV-125-M (BH) |
| v. | § | |
| | § | |
| **JERRY BUCHMEYER, et al.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING AND SUPPLEMENTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing the Plaintiff's objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and conducting a *de novo* review of those parts of the Findings and Conclusions to which objections have been made, I am of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court. The Court notes that the cite in footnote 2 should be 127 S.Ct. 1326 (U.S. Feb. 20, 2007).

Based on the Findings, Brenda Taylor's Motion to Dismiss (Docket 55) is **DISMISSED** as Moot.

The Findings recommended the Court permit Plaintiff to make a Rule 7(a) reply to the qualified immunity defense asserted by Defendant Chad Smith. Plaintiff made such a reply in his Objections at pp. 85-89. This Court will thus analyze the sufficiency of such response.

In a Rule 7(a) reply, a plaintiff is required to specifically address the qualified immunity defense and to "support[] his claim with sufficient precision and factual specificity to raise a

genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc). Plaintiff has now had a full opportunity to plead his best case. *See Schultea v. Wood*, 27 F.3d 1112, 1118 (5th Cir. 1994), *reh'g en banc granted* (Aug. 26, 1994), *aff'd in part and rev'd in part by*, 47 F.3d 1427 (5th Cir. 1995) (en banc).

Investigator Smith has moved to dismiss on the basis of qualified immunity because he was acting within the scope of his duties with the Collin County District Attorney's Office in investigating Plaintiff for filing a fraudulent lien against former county clerk Brenda Taylor. (*See* Collin County Defendants' Mot. at 7). To determine whether a defendant is entitled to qualified immunity, the threshold question is whether, on the facts as alleged by plaintiff, a clearly established constitutional right would have been violated. *See Brosseau v. Haugen*, 543 U.S. 194, 197 (2004) (citing *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). Assuming the facts alleged by a plaintiff are true, if a defendant did not violate a constitutional right, the Court need not inquire further. *Saucier*, 533 U.S. at 201. If, assuming the truth of the facts asserted, plaintiff can show that his constitutional rights were violated, the Court must then determine whether defendant's conduct was objectively reasonable in light of clearly established law at the time of the challenged conduct. *Id.*; *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001). "There is no constitutional right to be free from official investigation." *Hale v. Townley* 45 F.3d 914, 920 (5th Cir. 1995) (citing *U.S. v. Allibhai*, 939 F.2d 244, 249 (5th Cir. 1991) (citation omitted), *cert. denied*, 502 U.S. 1072, 112 S.Ct. 967, 117 L.Ed.2d 133 (1992)).

In his purported Rule 7(a) reply, Plaintiff does not allege facts that engage Investigator Smith's qualified immunity defense. Thus, Plaintiff has not satisfied the heightened pleading

requirements of *Schultea*, 47 F.3d at 1433-34. Plaintiff states that Investigator Smith is not entitled to the defense of qualified immunity because he participated in a conspiracy with the other defendants. (*See* Objections at 85). Plaintiff further complains that he was "criminally victimized by the Collin County clerk's office" and "[t]hat criminal conduct gave rise to his claim." (*Id.* at 86). He states that the criminal conduct was aimed at denying his right to access to courts. (*Id.* at 87). With specific regard to Investigator Smith, Plaintiff alleges Smith "participated in the criminal conduct," was a "member of the 'malicious prosecution team,'" and such acts were part of the conspiracy to deprive Plaintiff of his "property rights and other rights." (*Id.* at 88). Last, Plaintiff argues that Investigator Smith "charged [Plaintiff] criminally, in state court, regarding an ***exclusively federal*** *in rem* commercial matter, over which no state court has jurisdiction, and regarding which both the TX Penal Code and the TX Gov't Code are preempted." (*Id.* at 89).

Plaintiff does not identify the statutory authority upon which he bases his alleged conspiracy claim. He specifically denies any action under title 42. (*See id.* at 85). Further, review of his Complaint does not contain a conspiracy claim against Investigator Smith. (*See* Compl. at 8-11). Thus, although Plaintiff suggests a conspiracy between Investigator Smith and other unspecified defendants, Plaintiff has not pleaded such a claim.

Even if the Court were to liberally construe Plaintiff's complaint to allege a conspiracy claim, his conclusory allegations are insufficient to state a claim upon which the Court can grant relief. Plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "[A] bare assertion of conspiracy will not suffice." *Id.* at 1966. Section 1983 does not provide a cause of action for

conspiracy to deny civil rights unless there is an actual violation of civil rights. *See Hale*, 45 F.3d at 920. Here, Plaintiff has failed to allege with any sufficient particularity how Investigator Smith violated his civil rights. Plaintiff alleges absolutely no facts that show Investigator Smith acted in any role other than within the scope of his duties at the Collin County District Attorney's office. Further, Plaintiff has alleged no facts that show Investigator Smith acted improperly or violated any constitutional right, much less one clearly established at the time of his prosecution. The defense of qualified immunity encompasses claims of conspiracy to commit an alleged violation. *See Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 279-80 (5th Cir. 2001) (finding that because the police officer "is entitled to qualified immunity for his actions," "the §1983 conspiracy claim based on them must fail").

Investigator Smith is entitled to the qualified immunity defense because he was acting under color of law and within the scope of his authority when he investigated Plaintiff's activity in filing a fraudulent lien against former county clerk Brenda Taylor. Plaintiff has failed to allege a set of facts that show a violation of a clearly established law, or that Investigator Smith's actions were objectively unreasonable. Therefore, Plaintiff's claims against Investigator Smith must be dismissed for failure to state a claim.

Plaintiff's allegations in his Rule 7(a) reply are also interspersed with additional arguments that Investigator Smith is not entitled to qualified immunity because of all the criminal acts that Plaintiff has charged in his Verified Criminal Complaint. (*See, e.g.*, Objections to purported Findings, Conclusions, Recommendations at 86). Plaintiff's Verified Criminal Complaint is subject to dismissal because he has not stated a claim upon which relief can be granted. Simply, a private citizen cannot enforce criminal statutes in a civil action. *See Mass v.*

*McDonald's Corp.*, No. 3:04-CV-0483-M, 2004 WL 2624255, at *5 (N.D. Tex. Nov. 12, 2004); *see also Vella v. McCammon*, No. Civ. H-85-5580, 1986 WL 15772, at *2 (S.D. Tex. Jul. 29, 1986) (holding that plaintiff's allegations that defendants committed extortion and criminal conspiracy under federal law did not give rise to a civil cause of action). Thus, Plaintiff's attempt to overcome Investigator Smith's defense of qualified immunity based on the allegations in his Verified Criminal Complaint is unfounded.

Plaintiff objects to the recommendation that the District Court grant Defendants Attorney Davis' and the Matthew Stein law firm's motion to dismiss because he contends "that even if the libel claims do not overcome the immunity defense, there are ***four more*** general claims in" his Complaint "against and involving DAVIS, his firm, his clients, and the conspirators, that are not addressed, ***any***where." (*See* Objections to purported Findings, Conclusions, Recommendation at 100). Plaintiff does not specify the "four more general claims" alleged in his Complaint. He only elaborates to say, "Davis is sued for the entire $130,000,000 and the **_FIVE_** libel claim**_S_** account for only $50,000,000 of that total." (*See id.*) Despite a thorough review of the Complaint, the Court cannot discern the claims to which Plaintiff is referring.

Review of the Complaint reveals that in addition to the $50,000,000 in damages claimed for libel, Plaintiff also seeks damages in the amount of $10,000,000 against Attorney Davis, the Matthew Stein law firm, and other defendants, *jointly and severally,* for his claims of extortion, fraud, and false fact-finding. (*See* Compl. at 13). Further, Plaintiff seeks additional damages against Attorney Davis, the Matthew Stein law firm along with various other defendants in the sums of $10,000,000, $50,000,000 and $10,000,000, again *jointly and severally* for his claims of malicious prosecution, retaliatory criminality, and fraudulent false fact-finding. (*See* Compl. at

14). The total of these sums of damages alleged is $130,000,000. It appears therefore that the "**four more**" claims are the allegations in which Plaintiff asserts that Attorney Davis and the Matthews Stein law firm, along with other defendants, are *jointly and severally* liable for all the claims brought by Plaintiff. (*See* Compl. at 6-7, ¶20; 8, ¶26; 9-10, ¶35; 10-11, ¶40; 13-14). To the extent that Plaintiff believes his allegations of joint and several liability against Attorney Davis, the Matthews Stein law firm, and/or any of the defendants are separate claims for relief, he is mistaken.

"Joint and several liability is not an independent cause of action, but is a description of the extent of an individual defendant's liability for harm that is caused by the individual defendant together with others." *K-Bar Servs., Inc. v. English*, No. 03-05-0076-CV, 2006 WL 903735, at *5 (Tex. App.—Austin Apr. 7, 2006, no pet.). In other words, "[j]oint and several liability is a theory of recovery which requires that the plaintiffs, in an action alleging tortious or constitutionally repugnant conduct by multiple actors, establish that each defendant acted in concert to 'produce a single, indivisible injury.'" *Harper v. Albert*, 400 F.3d 1052, 1061-62 (7th Cir. 2005). In this case, Plaintiff's own Complaint confirms that he pleads joint and several liability as a theory of recovery for his damages—not an independent claim. (*See* Compl. at 13-14.) Because the Magistrate Judge properly determined that Plaintiff's claim of libel—based on five separate acts—against Attorney Davis (and the other claims, *see* FCR at 6, alleged against the various other defendants) do not survive dismissal under Rule 12(b)(6), there was no need to address Plaintiff's purported damages. Simply, Plaintiff's allegations of joint and several liability do not state an independent claim for relief.

To the extent Plaintiff does not refer to his joint and several liability allegations, he has

identified no claims against any defendant which would not also be barred by the doctrines of immunity and absolute privilege found to apply by the Magistrate Judge. Thus, Plaintiff's objections are overruled.

Plaintiff objects to a factual statement in the background of the case describing his involuntary payment of the clerk's fee for the record in his state appeal as being done after he was "ordered" to pay the fee, and he denies ever receiving such an order from the state court of appeals. (*See* Objections to purported Findings, Conclusions, Recommendations at 10).

The record reflects that Plaintiff "initially refused to pay the $129 fee" and did so only after he faced "dismissal of his appeal for want of prosecution." *See In re a Purported Lien or Claim Against Collin County Clerk Brenda Taylor*, 219 S.W.3d 620, 621 (Tex. App.—Dallas 2007, no pet.); *see also* TEX. R. APP. P. 37.3(b) (providing that the court of appeals may dismiss an appeal for want of prosecution when an appellant fails to pay the clerk's fee for preparing the clerk's record). Plaintiff was *required* to pay the fee by the appellate court or face dismissal of his appeal. His semantic disagreement with the use of the word "ordered" based on the lack of a file-stamped order in the record is frivolous.

Plaintiff's Objections are replete with improper language and with impertinent and inappropriate references to the Magistrate Judge. *See*, *e.g.* Objections at 22, 44, 66 and 77. Future filings of that type will result in sanctions.

**SO ORDERED this 31st day of July, 2007.**

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE

NORTHERN DISTRICT OF TEXAS